[No. 8970. Department Two. December 30, 1910.]

C. F. PETERSON, *Respondent*, v. ST. FRANCIS HOTEL COMPANY, *Appellant*.[1]

BROKERS—COMMISSIONS—SALE BY OWNER—REASONABLE VALUE OF SERVICES. An owner is liable for the reasonable value of a broker's services, where, after listing the property at a certain price, he made a sale at a less price, sought the broker's aid in effecting the sale, and recognized his services by endeavoring to reach a new agreement with him as to the commissions to be paid.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 8, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to recover a broker's commissions. Affirmed.

[1]Reported in 112 Pac. 347.

*G. E. Steiner,* for appellant.

*Howard H. Startzman* and *Frank Hammond,* for respondent.

Morris, J.—On June 7, 1907, appellant listed its hotel, the St. Francis, with respondent for sale. The contract of listing was the usual broker's contract. It fixed the terms at $65,000, of which $43,000 was to be paid in cash, and the balance by assuming an indebtedness on the furniture of $22,000. The time of the contract was twenty-seven days and thereafter until withdrawn by ten days' written notice. The commission was fixed at $3,000.

In October following, a Mrs. Johnson called at the hotel and was shown through it by Mr. Kennedy, its manager, and a price of $60,000 given her. When she left, Mr. Kennedy called the respondent by telephone, gave him Mrs. Johnson's address, and asked him to call upon her and endeavor to bring about a sale. Respondent did so, and endeavored to effect a sale of the hotel. In doing so he discouraged her from negotiating for the sale of another hotel she had been negotiating for, and after some conversation relative to the hotel and its furniture, suggested she call upon Mr. Rankin, who held a conditional sale agreement covering the furniture, and made an appointment with her at his office for the following day. Mrs. Johnson called on Mr. Rankin, learned the situation as to the furniture, and without again negotiating with respondent, called on Mr. Kennedy and thereupon entered into negotiations with him for the purchase. Respondent notified Mr. Kennedy of the result of his call upon Mrs. Johnson, and also informed him of her failure to keep her appointment on the following day. Mrs. Johnson, during her negotiations with Mr. Kennedy, spent several days watching the operation of the hotel, examining its books, inspecting the premises, and informing herself generally as to the existing situation, and finally purchased the same for $55,000. Three thousand dollars was paid in cash, the indebtedness for the furniture assumed, and the balance secured by promissory

notes; the change in the price being made without the knowledge of the respondent. In the meantime Mr. Kennedy had called respondent to the hotel, told him Mrs. Johnson had made an offer of $55,000, and said on that basis he would not be willing to pay $3,000 commission, and some conversation was had relative to an understanding of what the commission would be if the sale went through, but nothing definite was determined. Mr. Kennedy also called at respondent's office, and they had several conversations over the telephone in regard to the same matter. Being unable to bring about an adjustment of the matter, respondent finally brought suit, and was awarded judgment in the sum of $1,625, and defendant appeals.

The court arrived at the amount of the judgment by following the established custom of brokers at Seattle, computing five per cent on the first $10,000, and two and one-half per cent on the balance. The errors suggested are in the findings of fact. We are not disposed to disturb the court's findings upon controverted questions of fact, unless the record presents manifest error. We find none such here, and a reading of the testimony convinces us the judgment is right. Appellant unquestionably sought the aid of respondent in making the sale to Mrs. Johnson. It recognized a value in respondent's services in endeavoring to reach an agreement with him as to what it should pay. In undertaking to sell at a less price than the one given to respondent, and at other terms, it could not deprive respondent of the benefit of his contract. He was still entitled to his commission, to be determined by the terms of sale agreed upon between appellant and its vendee. *Lawson v. Black Diamond Coal Co.*, 53 Wash. 614, 102 Pac. 759. In this case the recovery sought was the reasonable value of the services. The respondent could, to that extent, waive his contract and recover the reasonable value of his services which, according to the testimony, is the amount fixed in the judgment, and the same is affirmed.

RUDKIN, C. J., CHADWICK, DUNBAR, and CROW, JJ., concur.